# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company, et al., <br><br>  Defendants. | Case No.: 23-cv-1020-LAB-DDL <br><br> **ORDER EXTENDING TIME TO ANSWER [Dkt. 6]** |

On June 2, 2023, Defendants filed an *ex parte* motion to extend their time to respond to the Complaint ("*Ex Parte* Motion"). (Dkt. 6). Defendants request that Caydon USA Holding LLC; Caydon USA Property Group, LLC; and Matthew Hutton be given sixty additional days to file a motion to dismiss for lack of personal jurisdiction and to quash service on Hutton ("Motion to Dismiss"). They also request that Caydon San Diego Property LLC's time to respond to the Complaint be extended until fourteen days after the Motion to Dismiss is decided. Defendants represent that Plaintiffs weren't willing to stipulate to the requested extensions, (Dkt. 6-1, Decl. of Elizabeth A. Sperling ("Sperling Decl.") ¶¶ 7–8), but no opposition has been filed as of the date of this Order.

This action was filed in California state court on April 27, 2023, and timely removed to this Court on June 1, 2023. (Dkt. 1). Without an extension, Defendants have until June 8 to respond to the Complaint. Fed. R. Civ. P. 81(c)(2)(C) (providing defendants until "7 days after the notice of removal is filed" to respond to a complaint). A district court may extend the time to respond to a complaint "for good cause, . . . before the original time [to respond] or its extension expires." *Id.* 6(b)(1). "[R]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id.* (citation omitted).

Defendants argue good cause for an extension exists for three reasons. First, the Caydon Defendants are part of Caydon USA Property Group Pty. Ltd, an Australian company currently in bankruptcy Receivership in Australia. (Dkt. 6 at 3). All legal decisions involving the Caydon Defendants must be "coordinated, reviewed, and approved" by the Receiver, McGrathNicol, making preparation of the Motion to Dismiss more difficult and time consuming. (*Id.*). Defense counsel also represents her principal contact with the Receiver is out on leave and unavailable for at least three weeks, making it "near impossible to obtain the necessary authorizations and declarations [for the Motion to Dismiss] during that time." (Sperling Decl. ¶ 12). Second, the allegedly deficient service attempt on Hutton occurred on May 30, 2023, and defense counsel needs additional time to prepare the materials to support a motion to quash. (Dkt. 6 at 3). Third, as to the requested extension of time for Caydon San Diego Property LLC, Defendants contend that, if their Motion to Dismiss is successful, it will most likely result in the filing of an amended complaint. (*Id.* at 4). For reasons of judicial economy, they

ask that any remaining Defendants—including Caydon San Diego Property LLC—be permitted to respond to the final version of the complaint. (*Id.*).

The Court finds these circumstances sufficient to demonstrate the "good cause" required for an extension of time under Rule 6(b)(1) and that there is no indication the extensions are sought in bad faith or will prejudice Plaintiffs. *See, e.g.*, *Ahanchian*, 624 F.3d at 1258–60. The *Ex Parte* Motion is **GRANTED**. (Dkt. 6). Defendants Caydon USA Holding LLC; Caydon USA Property Group, LLC; and Matthew Hutton shall answer or otherwise respond to the Complaint by **August 7, 2023**. Defendant Caydon San Diego Property LLC shall respond to the Complaint within **fourteen (14) days** of an order on the anticipated Motion to Dismiss.

**IT IS SO ORDERED.**

Dated:  June 7, 2023

**Hon. Larry Alan Burns**
United States District Judge